IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ALFORD, | No. 2:24-CV-1290-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CHRISTIAN PHEIFFER, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

1

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Larry Alford names the following as defendants: (1) C. Pheiffer, (2) R. Pantoja, (3) J. Lynch, (4) C. Andes, (5) Guzman, (6) Gutierrez, (7) Scott, (8) Darling, (9) Pesolia, (10) Bryden, (11) Remeron, (12) Lewis, (13) Carrasco, (14) Aguilar, (15) Dr. Neal, (16) Dr. Sanchez, (17) Dr. Alton, (18) Dr. Alexander, and (19) Nurse John Doe. See ECF No. 1, pgs. 1, 4. Defendants are alleged to be prison officials at Kern Valley State Prison (KVSP) and California State Prison – Sacramento (CSP-Sac.). See id. Plaintiff claims the events alleged in the complaint occurred at both institutions. See id. at 1.

Plaintiff alleges a violation of his Eighth Amendment rights due to deliberate indifference to his mental health needs. See id. at 3. Plaintiff asserts that he is housed hundreds of miles away from home and has been subjected to inadequate mental health treatment. See id. Plaintiff alleges that he is being forced to comply with "stringent levels of mental health violations" and has been denied a transfer to a level-three prison closer to Plaintiff's home in Alameda County where he can receive adequate mental health treatment. Id. Plaintiff asserts that he has made several physical attempts to hang himself in the presence of officials at CSP-Sac. See id. Plaintiff claims that, due to lack of professional mental health care treatment, Plaintiff has been physically, mentally, and emotionally injured, ultimately causing Plaintiff mental and emotional anguish. See id.

///

///

Plaintiff asserts that all defendants are being sued in their individual or official capacities for deliberate indifference to Plaintiff's serious health crisis and the immediate need for mental health treatment. See id. at 12. According to Plaintiff, due to a shortage of mental health care providers, psych techs, psychologists, and psychiatrists to treat mental health suicide interventions, prison officials failed to protect Plaintiff from attempting to commit suicide. See id. Plaintiff contends that Defendants had a culpable state of mind and showed reckless disregard for Plaintiff's life, health, safety, and security by allowing Plaintiff to attempt to commit suicide. See id. at 16. According to Plaintiff, instead of intervening, Defendants mocked and ridiculed Plaintiff. See id. Each of the named defendants, except for Defendant Pheiffer and Defendant Pantoja, refused to transfer Plaintiff to a more suitable mental health program. See id.

Plaintiff asserts that Defendants had reasonable first-hand knowledge based on their interactions with Plaintiff that he was in crisis mode. See id. Plaintiff claims that Defendants acted in concert with each corrections officer that changed shifts and acted under the color of state law and unsupervised institutional authority. See id. As a result, Plaintiff continues to suffer irreparable harm and is experiencing the recurring trauma of suicide attempts. See id.

According to Plaintiff, the deliberate indifference and failure to protect Plaintiff has created unsafe living conditions in violation of Plaintiff's constitutional rights and statutory rights under the Americans with Disabilities Act. See id. at 15. Plaintiff asserts that he has no plain, adequate, or complete remedy at law to redress wrongs described. See id. Plaintiff contends that he has been and will continue to be irreparably injured by the conduct of Defendants unless the court grants declaratory or injunctive relief. See id.

## II. DISCUSSION

The Court finds that Plaintiff has failed to state a cognizable Eighth Amendment claim against any named defendant. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within

the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, the complaint fails to set forth specific facts to each individual defendant's causal role in the alleged violations. Instead of providing facts as to each defendant's conduct, Plaintiff speaks in general terms about "defendants" collectively, which is insufficient to put any named defendant on fair notice of Plaintiff's claims.  Plaintiff will be provided an opportunity to amend.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between

each defendant's actions and the claimed deprivation.  See <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See <u>Ferdik</u>, 963 F.2d at 1260-61; <u>see also</u> Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

**Dated:  June 5, 2024**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE