IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ALFORD,<br><br>            Plaintiff,<br><br>    v.<br><br>CHRISTIAN PHEIFFER, et al.,<br><br>            Defendants. | No.  2:24-CV-1290-DAD-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 10.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  BACKGROUND

### A.    Procedural History

Plaintiff initiated this action with a pro se complaint filed on May 3, 2024.  See ECF No. 1.  Plaintiff named the following as defendants: (1) C. Pheiffer, (2) R. Pantoja, (3) J. Lynch, (4) C. Andes, (5) Guzman, (6) Gutierrez, (7) Scott, (8) Darling, (9) Pesolia, (10) Bryden, (11) Remeron, (12) Lewis, (13) Carrasco, (14) Aguilar, (15) Dr. Neal, (16) Dr. Sanchez, (17) Dr. Alton, (18) Dr. Alexander, and (19) Nurse John Doe.  See id. at 1, 4.  Defendants are alleged to be prison officials at Kern Valley State Prison (KVSP).  See id.  On June 5, 2024, the Court issued an order addressing the sufficiency of Plaintiff's complaint.  See ECF No. 7.  The Court concluded that Plaintiff failed to state a claim against any named defendant because he did not allege facts sufficient to establish a causal connection between any defendant and the claimed violations of Plaintiff's constitutional rights relating to medical care.  See id.  Plaintiff was advised of the applicable legal principles and the complaint was dismissed with leave to amend.  See id.

### B.    Plaintiff's Current Allegations

In the first amended complaint, Plaintiff names the same 19 defendants as were named in the original complaint.  See ECF No. 10, pgs. 3-4.  Plaintiff asserts three claims for relief related to medical care arising from events occurring at KVSP on July 28, 2023.

/ / /

/ / /

<pre>
 1                                   Claim I
 2           According to Plaintiff, Defendant Gutierrez came to Plaintiff's cell and ordered
 3   Plaintiff to pack his property.  See id. at 5.  After this, Plaintiff made a noose to commit suicide.
 4   See id.  Later in the day, at around 6:45 p.m., Plaintiff's psychiatrist noticed the noose in hand and
 5   blew her whistle.  See id.  According to Plaintiff, Defendants Gutierrez and Guzman responded.
 6   See id.  Defendant Gutierrez asked Plaintiff what the problem was, to which Plaintiff responded:
 7   "I can't live without my family."  Id.  Plaintiff states that Gutierrez then attempted to spray
 8   Plaintiff and hit his alarm.  See id.  Defendants Scott and Darling then responded and went to
 9   Plaintiff's cell door.  See id.  Plaintiff informed Defendant Darling that he was suicidal, to which
10   Darling responded: "You're refusing to come out and we'll cell extract you."  Id.  Plaintiff denied
11   refusing to come out of his cell and told Darling once again that he was feeling suicidal.  See id.
12   Plaintiff states that he attempted to hang himself but the noose broke.  See id.
13           Plaintiff states that he then exited his cell and walked to "R&R" where he told the
14   nurse on duty that he was feeling suicidal.  Id.  Defendant Gutierrez then made an entry in a
15   logbook and spoke with Dr. Chambers, who admitted Plaintiff to a crisis bed.  See id.  Plaintiff
16   was placed in a holding cell where he states he again attempted to hang himself.  See id.
17   According to Plaintiff, the nurse told him that she didn't care if Plaintiff died and that she gets
18   paid anyway.  See id.
19                                   Claim II
20           According to Plaintiff, Defendant Guzman witnessed Plaintiff attempt to commit
21   suicide on multiple occasions "without taking Plaintiff serious in harming his self."  Id. at 6.
22   Plaintiff states that he told Guzman he would end his life, but that Guzman did nothing.  See id.
23   Plaintiff claims that his psychiatrist alerted Guzman about the seriousness of Plaintiff's suicidal
24   ideation.  See id.  Plaintiff repeats his allegation that, rather than protecting Plaintiff, Guzman
25   attempted to spray him.  See id.
26   / / /
27   / / /
28   / / /
</pre>

Claim III

Plaintiff claims that Defendants Scott and Darling did nothing to protect Plaintiff from harming himself. See id. at 7. Instead, Scott and Darling attempted to "change the situation" by telling Plaintiff that he was refusing to exit his cell, even though Plaintiff told them he was suicidal and had attempted to hang himself. Id. Plaintiff asserts that Defendant Darling attempted to extract Plaintiff from his self without cause despite having been informed by Plaintiff's psychiatrist that Plaintiff was suicidal. See id. Plaintiff claims Defendants Scott and Darling denied Plaintiff medical care. See id.

## II.  DISCUSSION

The Court finds that Plaintiff has failed to state a cognizable Eighth Amendment claim against any named defendant. As to Defendants Guzman, Gutierrez, Scott, and Darling, as to whom the first amended complaint contains at least some specific allegations, the facts alleged concerning the events of July 28, 2023, do not suggest deliberate indifference to Plaintiff's suicidal ideation. As to all other named defendants, and as with the original complaint, Plaintiff fails to establish a causal link between these defendants and the claimed Eighth Amendment violations relating to Plaintiff's suicidal ideation.

A.  **Plaintiff Fails to Allege Facts to Establish an Eighth Amendment Violation by Defendants Guzman, Gutierrez, Scott, or Darling**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when

4

two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from harm.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer, 511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element.  See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer, 511 U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Finally, the plaintiff must show that prison officials disregarded a risk.  Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit, 682 F.2d at 1253.  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

///

Here, the amended complaint contains specific factual allegations as against Defendants Guzman, Gutierrez, Scott, and Darling.  According to Plaintiff, Defendants Guzman and Gutierrez first responded when it was noticed by Plaintiff's psychiatrist that Plaintiff had made a noose.  According to Plaintiff, Gutierrez asked Plaintiff what the problem was, and Plaintiff told Gutierrez he was suicidal, at which point Gutierrez pressed the alarm button.  Defendants Scott and Darling responded to the alarm and Plaintiff was then escorted to see a nurse in the R&R area.  Though Plaintiff alleges facts to suggest the nurse's indifference to Plaintiff's suicidal ideation, the nurse is not named as a defendant.  At the R&R area, Defendant Gutierrez spoke with a physician, who admitted Plaintiff to a crisis bed.

These alleged facts, which the Court presumes to be true, do not allow for the inference that Defendants Guzman, Gutierrez, Scott or Darling were deliberately indifferent to Plaintiff's suicidal ideation.  To the contrary, the facts indicate that these defendants responded to Plaintiff's situation and escorted Plaintiff to an area where he received medical attention.

      **B.**    **Plaintiff Fails to Allege Facts to Establish a Causal Connection Between Any Other Named Defendant and a Violation of Plaintiff's Eighth Amendment Rights**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

///

///

6

The first amended complaint fails to contain any factual allegations whatsoever as to any named defendant other than Guzman, Gutierrez, Scott, and Darling.  The Court has previously advised Plaintiff of this pleading defect, and despite this advice, Plaintiff continues to fail to establish a causal connection to the majority of the named defendants.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed with prejudice for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**Dated:  August 27, 2024**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE